# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MELVIN ABDULLAH EL-AMIN          :
                                 :
                                 :
        v.                       :       Civil No. CCB-10-3653
                                 :
                                 :
INTERNATIONAL LONGSHOREMEN'S     :
ASSOCIATION LOCAL #333, et al.   :
                                 :

## MEMORANDUM

Melvin Abdullah El-Amin, proceeding pro se, has sued the International Longshoremen's Association Local #333 ("Local #333"), Julie Mitchell, and John Doe, Union Officer, alleging violations of the Labor Management Reporting & Disclosure Act ("LMRDA"). Now pending before the court is the plaintiff's motion for default judgment. Also pending is Local #333's motion to dismiss. The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the plaintiff's motion will be denied, and Local #333's motion will be granted.

## BACKGROUND

In June 2009, Mr. El-Amin, who was a member in good standing of Local #333, contacted Ms. Mitchell about the possibility of transferring his membership in the union to Local #1922 in Miami, Florida. Ms. Mitchell served as Local #333's secretary/treasurer at the time. Ms. Mitchell informed Mr. El-Amin that he could transfer his membership automatically so long as he was a member in good standing. Ms. Mitchell allegedly provided Mr. El-Amin with a membership transfer letter that he could present to Local #1922 to transfer his membership. Mr.

1

El-Amin relocated to Florida on July 21, 2009, but was denied membership in Local #1922 because the membership transfer letter provided to him by Ms. Mitchell did not satisfy the requirements of the International Longshoremen's Association's ("ILA's") constitution.

Nearly a year later, in late June 2010, Mr. El-Amin returned to Baltimore, in part because he was unable to obtain employment through Local #1922. Upon returning, Mr. El-Amin requested that his membership in Local #333 be reinstated by writing a letter to Rikir "Rocky" Mckenzie, whom Mr. El-Amin believed was the president of Local #333. After Mr. El-Amin learned that Mr. Mckenzie was no longer president of Local #333, he made a personal visit to Local #333's office in November 2010. Mr. El-Amin spoke with the ILA's general counsel, Andre Mazzola Mardon. Mr. Mardon informed Mr. El-Amin that because he had not effectuated a transfer to Local #1922, he was still technically a member of Local #333. Mr. El-Amin then spoke with Local #333 interim president, Joseph Hodski, and Ms. Mitchell, both of whom informed Mr. El-Amin that his membership status with Local #333 would be reinstated after he paid his back dues, allegedly amounting to $1,500. After learning about the amount of back dues he owed, Mr. El-Amin contacted an ILA Ethics Counsel, who allegedly suggested to Local #333 that Mr. El-Amin be allowed to pay a lesser amount of back dues to be reinstated. Mr. El-Amin allegedly attempted to pay $195 in back dues, but Ms. Mitchell refused to accept his money before she received permission from Mr. Hodski. Mr. El-Amin has yet to pay any back dues necessary to reinstate his membership.

On December 28, 2010, Mr. El-Amin filed suit in this court, seeking in part, full reinstatement of his ILA membership rights and privileges. Local #333 was served with a complaint and summons on February 15, 2011. Ms. Mitchell, however, has not been properly

served to date. On March 31, 2011, Local #333 moved to dismiss Mr. El-Amin's suit for lack of subject matter jurisdiction. The plaintiff, despite being given extra time to respond, has not opposed the motion. Instead, Mr. El-Amin filed a motion for default judgment on May 12, 2011.[1] Local #333 has opposed the motion for default judgment.

## ANALYSIS

### A. Plaintiff's Motion for Default Judgment

Mr. El-Amin's motion for a default judgment will be denied as to all defendants. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) (citation omitted). Mr. El-Amin has not properly served Ms. Mitchell or John Doe, Union Officer. (*See* Apr. 22, 2011 Order, ECF No. 16.) Default judgment against them therefore is not warranted.

Default judgment also is not warranted against Local #333. Local #333 was served with a complaint and summons on February 15, 2011. (*See* ECF No. 12.) On March 8, 2011, Local #333 filed a motion for an extension of time to file an answer or other pleading. (*See* Def.'s Mot. for Extension of Time, ECF No. 7.) This court granted the motion, giving the defendant until March 23, 2011 to file an answer or a responsive pleading. (*See* March 10, 2011 Order, ECF No. 8.) Local #333 filed its motion to dismiss on March 21, 2011, two days before the deadline set by the court. Thus, the defendant's motion was timely, and default judgment is not warranted.

### B. Defendant's Motion to Dismiss

A plaintiff has the burden of proving that subject matter jurisdiction exists. *See Evans v.*

---

[1] Mr. El-Amin filed a second motion for default judgment and a motion for "an inquest on default judgment" on June 8, 2011. (*See* ECF Nos. 19 and 20.) Because the additional motions simply reiterate Mr. El-Amin's request for default judgment made in his original motion, the court will address the motions together.

*B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In reviewing a Rule 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. When the jurisdictional facts are intertwined with questions of law, however, it may be appropriate to resolve the entire factual dispute at a later proceeding on the merits. *See United States v. North Carolina*, 180 F.3d 574, 580-81 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Bryant v. Clevelands, Inc.*, 193 F.R.D. 486, 488 (E.D. Va. 2000).

Mr. El-Amin alleges a violation of Title I of the LMRDA, 29 U.S.C. §§ 411-415, arising from the suspension of his membership in Local #333 for nonpayment of dues without notice. (*See* Compl. at 2.) Local #333 argues that Mr. El-Amin lacks standing to bring an action for violation of Title I because he is not a member or a member in good standing of Local #333. Title I provides that "[e]very member of a labor organization shall have equal rights and privileges" to vote in elections and referenda, to assemble and speak freely, to bring suit against the union, and to be afforded various procedural safeguards prior to disciplinary action. 29 U.S.C. § 411(a)(1), (a)(2), (a)(4), and (a)(5). The LMRDA confers jurisdiction over claims alleging a violation of Title I to federal courts when a "person whose rights secured by provisions" of Title I have been infringed. *See* 29 U.S.C. § 412. Title I, however, secures rights only for "members" or "members in good standing" of unions. *See, e.g.*, *Gavin v. Structural Iron Workers Local No. 1 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 553

F.2d 28, 30 (7th Cir. 1977); *Napolitano v. Int'l Union of Operating Eng'rs Local No. 4*, 872 F. Supp. 1085, 1087 (D. Mass. 1994); *Papianni v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers Local 11*, 622 F. Supp. 1559, 1571 (D.N.J. 1985); *Basilicato v. Int'l Alliance of Theatrical Stage Employees & Moving Motion Picture Machine Operators of the U.S. and Canada*, 479 F. Supp. 1232, 1235 (D. Conn. 1979). Accordingly, non-members who do not have rights secured under Title I lack standing to bring a suit under the LMDRA.

The LMRDA defines a "member" or "member in good standing" of a labor organization as "any person who has fulfilled the requirements for membership in such organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o). Pursuant to this definition, a person must "satisfy both an affirmative and negative requirement" to prove that he or she is a "member" or "member in good standing" of a labor organization. *Napolitano*, 872 F. Supp. at 1087. "The affirmative requirement is that the person must have 'fulfilled the requirements for membership;' the negative requirement is that the person must not have voluntarily withdrawn from the organization or been expelled or suspended." *Id.* at 1087-88.

In this case, Mr. El-Amin does not dispute that his membership was suspended by Local #333 for the nonpayment of dues and that, therefore, he cannot satisfy the negative requirement of § 402(o). (*See id.* at ¶¶ 9, 16.) Instead, Mr. El-Amin alleges that he is a "member in good standing" of Local #333 because Local #333 improperly suspended his membership for nonpayment of dues. (*See* Compl. at 2.) The LMRDA contains certain safeguards against improper disciplinary action of union members. A person's membership may not be suspended

until "after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization." 29 U.S.C. § 402(o). These safeguards, however, do not extend to disciplinary action taken for the nonpayment of dues. Section 411 of the statute provides:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined *except for nonpayment of dues* by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

29 U.S.C. § 411(a)(5) (emphasis added); *see also Napolitano*, 872 F. Supp. at 1089 ("[T]here can be no doubt that [the plaintiff's] suspension, to the extent that it was based upon nonpayment of dues, was 'after appropriate proceedings,' because a person suspended for nonpayment is entitled to virtually no process.")

In suspending Mr. El-Amin's union membership, Local #333 followed the provisions of the ILA constitution and bylaws governing suspension for nonpayment of dues. Local #333's constitution states that "[a]ny member who is thirty (30) days or more in arrears in the payment of dues shall be automatically, and without notice, suspended from all rights and privileges of membership." (ILA Constitution, Art. XIV § 5, Def.'s Mot. to Dismiss, Ex. 1.) The constitution also states that "[a]ny member who has been suspended or expelled for the non-payment of dues or assessments may be reinstated only upon the payment of all monies due at the time of his suspension or expulsion." (*Id.* at Art XIV § 6.) Local #333 has offered evidence, in the form of affidavits, showing that Mr. El-Amin had not paid dues to Local #333 since June 2, 2009, and that he was required to pay all back dues on or before February 28, 2010, to maintain his membership in Local #333. (Wilburn Aff. ¶¶ 7-8, Def.'s Mot. to Dismiss, Ex. 2.) He failed to do so, and his membership was suspended on March 29, 2010. (*Id.* at ¶ 9.) Because Local #333 suspended Mr. El-Amin's membership in accordance with its constitution, which is all that is

required, his membership suspension was proper under the LMRDA. He is therefore not a "member" or a "member in good standing" under the LMRDA, and lacks standing to bring this suit. The defendant's motion to dismiss will be granted.

### C. Service of Process

Finally, the court notes that the remaining defendants in this case, Julie Mitchell and John Doe, Union Officer, have not been properly served. While the time to serve process may be extended if the plaintiff shows good cause, service in this case would be futile because the claim against Ms. Mitchell and any other union defendant would be subject to dismissal for the same reasons the union's motion must be granted. Accordingly, all defendants will be dismissed.

A separate Order follows.


June 28, 2011                                                     /s/
Date                                                              Catherine C. Blake
                                                                        United States District Judge